Opinion issued July 29, 2010



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-00067-CV

———————————

Pablo Turull and Ruth Turull, Appellants

V.

William
E. Ferguson, Individually and d/b/a Timberoof Company, Timberoof Roof Company,
Timberoof Roof Company, Inc., and Timberoof Roofing Company, Inc.; Timberoof
Roofing Co., Inc.; and TRC Services, Inc., Individually and d/b/a The Roof Co.
Holdings,
Appellees



 



 

On Appeal from the 129th District Court

Harris County, Texas



Trial Court Case No. 2003-22884

 



 

MEMORANDUM
OPINION

Appellants, Pablo Turull and Ruth
Turull, appeal the trial court’s rendition of a judgment that excluded the
attorney’s fees awarded to the Turulls by the jury.  Appellants argue that the trial court erred
by granting a judgment notwithstanding the verdict on the issue of their
attorney’s fees.

We reverse and render judgment.

Background

In April 2001, William E. Ferguson—individually and doing business as Timberoof
Company, Timberoof Roof Company, Inc., and Timberoof Roofing Company, Inc.—and Timberoof Roofing
Co., Inc.[1] (the “Timberoof
Defendants”) provided an estimate to the Turulls to repair damage to the roof
of their residence incurred during a hailstorm. 
The Timberoof Defendants performed work on the roof, and disputes arose
between the parties about the work done and the money owed.

The Timberoof Defendants brought suit in a county court at
law.  The Turulls ultimately brought suit
against the Timberoof  Defendants in a
district court seeking declaratory judgment and alleging defamation and slander
of title, violations of the Deceptive Trade Practices Act, conspiracy to
violate the Deceptive Trade Practices Act, breach of contract, breach of
warranty, violation of Chapter 12 of the Texas Civil Practice and Remedies
Code, fraud, fraud in the inducement, and violation of the Texas Fair Debt
Collection Practices Act.  The two
lawsuits were eventually consolidated in the district court.

At trial, the attorneys for both sides each presented
testimony of the work incurred and the rate at which each attorney billed.  Counsel for the Turulls testified as to the
entire amount of time she had worked on the case and her hourly rate.  The total for her fees came to $69,660.  On cross-examination, counsel for the
Timberoof Defendants asked counsel for the Turulls to segregate her attorney’s
fees according to each cause of action alleged. 
Counsel for the Turulls testified that five percent of the total time
could be attributed to three of the causes of action and that the remaining
time could not be segregated because the remaining causes of action arose “from
the same facts and circumstances.”  It is
not clear from the record which causes of action were part of the three that
counsel for the Turulls testified could be segregated from the total amount of
time worked.

Counsel for the Timberoof Defendants never objected to the
Turulls’ counsel’s failure to segregate her fees for the majority of the causes
of action.

The jury question relating to the attorney’s fees to be
awarded to the Turulls read, “What is a reasonable fee for the necessary
services of the Turulls’ attorney in this case, stated in dollars and cents?”  No objection was raised as to the wording of
this question.

The jury returned a verdict finding both the Turulls and
the Timberoof Defendants liable for various claims.  The jury awarded attorneys’ fees to each
side.

After the trial, but before the judgment was rendered, the
parties submitted numerous filings.  Only
a few of those filings are a part of this record.  The record shows that, on March 9, 2007, the
trial court denied the Timberoof Defendants’ request for remittitur of the
attorney’s fees awarded to the Turulls. 
Subsequently, on July 17, 2007, the trial court construed an objection
to entry of judgment by the Timberoof  Defendants
as a motion to reconsider the court’s ruling on the March 9 order.  The court did reconsider the order and—relying on Tony Gullo Motors I, L.P. v. Chapa, 212
S.W.3d 299 (Tex. 2006)—determined
that counsel for the Turulls should have segregated her attorney’s fees by the
causes of action to which the fees related. 
The court granted the Timberoof Defendants’ “motion to disregard
and/or for judgment notwithstanding the verdict as to the jury’s answer” to the
question on attorney’s fees awarded to the Turulls and granted a new trial.

More filings followed. 
The majority of the filings are not part of the record.  Ultimately, however, on October 23, 2008, the
trial court rendered judgment, which excluded any award of attorney’s fees to
the Turulls.  The Turulls filed this
appeal, challenging the exclusion from the judgment of the attorney’s fees that
had been awarded by the jury.

The Record on Appeal

The Texas Rules of Appellate Procedure establishes a
limited number of documents that must be included in the clerk’s record.  Tex.
R. App. P. 34.5(a).  Anything more
must be designated by the parties.  Tex. R. App. P. 34.5(b).  Additionally, any party can seek
supplementation of the clerk’s record and, at least until the time the case is
set for submission, the supplement will be accepted.  Tex.
R. App. P. 34.5(b); Worthy v.
Collagen Corp., 967 S.W.2d 360, 366 (Tex. 1998) (holding that after
submission, courts have more discretion in denying supplementation).

The parties never filed a designation of the record in
this case.  As a result, the original
clerk’s record consisted only of the items enumerated in Rule 34.5(a).  Subsequently, no party filed a proper request
for supplementation.  Despite this, both
sides include references in their briefs to documents that were apparently
filed with the court but that were never designated for the appellate record.  Briefs must contain concise arguments with
appropriate citations to the record.  Tex. R. App. P. 38.1(i); 38.2(a) (1).

Rather than seeking supplementation of the record, the
Timberoof Defendants instead included copies of filings and court orders as a
part of their appendix to their brief.  Attachments
of documents as exhibits or appendices to briefs do not constitute a formal
inclusion in the record on appeal and cannot be considered.  Sowell
v. The Kroger Co., 263 S.W.3d 36, 38 (Tex. App.—Houston [1st Dist.] 2006,
no pet.).

This Court, on its own motion, ordered the district clerk
to supplement three items not previously included in the record.  Tex.
R. App. P. 34.5(c)(1).  The first
was the charge of the court and jury’s verdict, an item required under Rule
34.5 but inadvertently missing from the record. 
Tex. R. App. P. 34.5(a)(4).  The other two were orders from the trial
court that we discerned were relevant in an attempt to not prejudice the trial
court by the underdeveloped record.

Accordingly, our review of the record is limited to the
reporter’s record, the clerk’s record including the supplementation requested
by this Court, and facts in the briefs that were not contradicted by the
opposing parties.  See Tex. R. App. P.
38.1(g) (requiring courts to accept as true facts stated unless contradicted by
another party); W. Steel Co. v. Altenburg,
206 S.W.3d 121, 124 (Tex. 2006) (same). 
Anything outside this scope is not a part of the record and will not be
considered.

Judgment Notwithstanding the Verdict on Attorney’s Fees

In their sole point of error, the Turulls argue that the
trial court erred by reducing the attorney’s fees that were awarded by the jury
in the verdict.  Both parties identify
the motion by the Timberoof Defendants to disregard the jury’s award of
attorney’s fees as a motion for judgment notwithstanding the verdict.  The trial court’s order granting this request
identifies the request as a “motion to disregard and/or for judgment
notwithstanding the verdict.” 
Accordingly, we review this point of error under the standard of review
for judgments notwithstanding the verdict.

A.              
Standard of Review

A trial court can grant a motion for judgment
notwithstanding the verdict only if a directed verdict would have been proper
and can disregard a jury finding on a question only if it has no support in the
evidence.  Tex. R. Civ. P. 301. We review a judgment notwithstanding the
verdict under a legal-sufficiency standard, viewing the evidence and inferences
in the light most favorable to the jury’s finding.  City of
Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005).  We sustain the granting of a judgment
notwithstanding the verdict based on “no evidence” when the record shows: (1) a
complete lack of evidence of a vital fact; (2) the trial court is barred by the
rules of law or evidence from giving weight to the only evidence offered to
prove a vital fact; (3) the evidence offered to prove a vital fact is not more
than a scintilla; or (4) the evidence establishes conclusively the opposite of
a vital fact.  Id. at 810; see also Tiller
v. McLure, 121 S.W.3d 709, 713 (Tex. 2003) (holding trial court may grant
judgment notwithstanding verdict if there is no evidence to support jury’s
finding on issue necessary to liability).

If more than a scintilla of evidence supports the jury’s finding,
“the jury’s verdict and not the trial court’s judgment must be upheld.”  Wal-Mart
Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003).  More than a scintilla of evidence exists when
the evidence “rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.”  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 601 (Tex. 2004) (quoting Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)).  Evidence that is “so weak as to do no more
than create a mere surmise,” however, is no more than a scintilla and, thus, no
evidence.  Id. (quoting Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)).

If the trial court states its grounds for granting the
judgment notwithstanding the verdict, we limit our review to the adequacy of
that ground.  Voskamp v. Arnoldy, 749 S.W.2d 113, 118 (Tex. App.—Houston [1st
Dist.] 1987, writ denied).  Appellees,
however, may assert in a cross-point on appeal those grounds alleged in their
motion for judgment notwithstanding the verdict, but not relied upon by the
trial judge in entering judgment.  Id.; Tex.
R. Civ. P. 324(c); Tex. R. App.
P. 38.2 (b).

In its order granting the Timberoof Defendants’ motion for
judgment notwithstanding the verdict, the trial court disregarded the jury’s
determination on the award of attorney’s fees to the Turulls based on the Turulls’
counsel’s failure to segregate her fees according to the claims brought.  Accordingly, we limit our review to this
ground.  The Timberoof Defendants assert
by cross-point that the Turulls’ counsel’s proof of attorney’s fees was legally
insufficient because there was no evidence that the fees sought were reasonable
or necessary.

B.              
Segregation of Fees

In its first order concerning the Timberoof  Defendants’ motion for judgment
notwithstanding the verdict, the trial court determined that the Turulls’
counsel’s testimony established that the “causes of action for which recovery
was sought were ‘inextricably intertwined’” and that this testimony was some
evidence of the fees recovered.  The
trial court based its ruling on the Texas Supreme Court’s opinion in Chapa.

Subsequently, the trial court reconsidered this ruling and
determined that the Turulls’ counsel’s testimony as well as the jury’s award
was based on the full amount of fees incurred in the case.  The trial court determined that, because
certain causes of action were not submitted to the jury and, accordingly, not
recoverable, the Turulls’ counsel should have segregated the fees incurred
solely for the non-recoverable claims. 
As a result, the trial court granted the Timberoof Defendants’ motion to
disregard and for judgment for notwithstanding the verdict on the issue of
attorney’s fees for the Turulls and ordered a new trial.  This subsequent ruling was also based on Chapa.

In Chapa, the
Texas Supreme Court modified its earlier ruling in Sterling and clarified that “a claimant must segregate recoverable
from unrecoverable fees. . . .  [I]t is only when discrete legal services
advance both a recoverable and unrecoverable claim that they are so intertwined
that they need not be segregated.”  Id. at 313–14 (modifying Stewart Title Guar. Co. v. Sterling, 822
S.W.2d 1 (Tex. 1991)).

Assuming without deciding that the Turulls’ counsel was
required to segregate her fees and failed to do so properly, the Timberoof
Defendants never objected to this testimony. 
Additionally, the jury question relating to the attorney’s fees to be
awarded to the Turulls read, “What is a reasonable fee for the necessary
services of the Turulls’ attorney in this
case, stated in dollars and cents?” 
(Emphasis added.)  No objection
was raised as to the wording of this question. 
If there is no objection “to the fact that the attorney’s fees are not
segregated as to specific claims, then the objection is waived.”  Green
Int’l, Inc. v. Solis, 951 S.W.2d 384, 389 (Tex. 1997).  “When segregation is proper, . . .
the jury not only determines the amount of attorney’s fees, but also determines
the segregation issue.”  C.M. Asfahl Agency v. Tensor, Inc., 135
S.W.3d 768, 801 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Failure to object to the charge that does not
ask the jury to segregate attorney’s fees waives any error in the charge.  Id.  Because the Timberoof Defendants did not
object to the Turulls’ counsel’s testimony regarding segregation of fees and
because there was no objection to the wording of the charge that did not ask
the jury to segregate attorney’s fees, any error regarding segregation has been
waived.[2]

We sustain the Turulls’ sole point of error.

C.              
Reasonable and Necessary Fees

By cross-point, the Timberoof  Defendants argue that the Turulls’ evidence of
attorney’s fees is legally insufficient, alleging that the fees were not reasonably
incurred or necessary to the prosecution of the case.[3]  Both parties agree that attorney’s fees for
the Turulls were awarded according to the Deceptive Trade Practices Act.  See
Tex. Bus. & Comm. Code Ann.
§ 17.50(d) (Vernon Supp. 2009).

The Timberoof Defendants’ motion for judgment
notwithstanding the verdict and subsequent re-urging of the issue on attorney’s
fees was never designated as part of the record.  Accordingly, there is no evidence in the
record that the issue of whether the Turulls’ attorney’s fees were reasonable
and necessary was presented to the trial court. 
Furthermore, neither party makes a representation in their briefs as to
whether this issue was presented to the trial court.  

A party can raise a cross-point only on those grounds
alleged in its motion for judgment notwithstanding the verdict but not relied
upon by the trial judge in rendering judgment. 
Voskamp, 749 S.W.2d at 118; Tex. R. Civ. P. 324(c); Tex. R. App. P. 38.2(b).  Because neither side represents in their
briefs that this argument was presented to the trial court and there is nothing
in the record to show that it was presented to the trial court, this issue is
not properly before us.  See in re J.M.C.A., 31 S.W.3d 692, 699
(Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding party asserting point of
error bears burden of showing record supports contention raised).

Even if this issue were properly before us, the record
contains legally-sufficient evidence to support a finding that the Turulls’
attorney’s fees were reasonable and necessary. 
The Turulls’ counsel testified on each of the factors enumerated in Arthur Anderson to establish the
reasonableness of her fees.[4]  See
Arthur Andersen & Co. v. Perry Equip.
Corp., 945 S.W.2d 812, 818 (Tex. 1997). 
The Timberoof  Defendants did not
object to, rebut, or cross-examine this portion of the Turulls’ counsel’s
testimony.  The Turulls’ counsel also
testified as to the necessity of her fees without objection, rebuttal, or
cross-examination.

The Timberoof  Defendants
attempt to rely on evidence that either was never presented to the jury or is
absent from the record altogether in an attempt to disprove that the Turulls’
attorney’s fees were reasonable and necessary. 
We do not consider information that was not presented to the jury in no-evidence
points of error. See Meyer v. Cathey,
167 S.W.3d 327, 332 (Tex. 2005) (considering legal-sufficiency review based on
evidence presented to jury).

We deny the Timberoof Defendants’ cross-point.

Conclusion

The Turulls’ counsel’s testimony at trial was legally
sufficient to support the jury’s award of attorney’s fees.  Any requirement for the Turulls’ counsel to
segregate her fees was waived. 
Accordingly, we reverse the portion of the judgment ordering that the
Turulls recover nothing from the Timberoof  Defendants for attorney’s fees and render
judgment to include the attorney’s fees awarded by the jury to the Turulls.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Hanks, and Higley.

 











[1]        TRC Services, Inc., individually and
d/b/a The Roof Co. Holdings, was also a party at trial and listed as an
appellee in this matter.  No verdict or
judgment was obtained against this party, nor has any point of error been
raised that would affect it. 
Accordingly, we do not consider it a proper party to this appeal.  Gupta
v. E. Idaho Tumor Inst., Inc., 140 S.W.3d 747, 751 n.4 (Tex. App.—Houston
[14th Dist.] 2004, pet. denied).  Any
facts concerning it at trial are not relevant to this appeal.





[2]        Because the Timberoof  Defendants did not object to the Turulls’
counsel’s testimony regarding segregation or to the jury question on attorney’s
fees, we do not need to determine whether failure to object to the testimony
alone is sufficient to waive any errors.

 





[3]        The Timberoof  Defendants also raise points alleging that the
Turulls refused to proceed with a new trial on attorney’s fees.  Because we have determined that a new trial
should not have been granted, we do not need to address any issues relating to
the parties’ involvement in the new trial.





[4]        These factors include: (1) the time and
labor required, the novelty and difficulty of the questions involved, and the
skill required to perform the legal service properly; (2) the likelihood that
the acceptance of the particular employment will preclude other employment by
the lawyer; (3) the fee customarily charged in the locality for similar legal
services; (4) the amount involved and the results obtained; (5) the time
limitations imposed by the client or by the circumstances; (6) the nature and
length of the professional relationship with the client; (7) the experience,
reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty
of collection before the legal services have been rendered.  Arthur Andersen v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary R. Prof’l Conduct 1.04(b),
reprinted in Tex. Gov’t Code Ann.,
tit. 2, subtit. G app. A (Vernon Supp. 2009) (Tex.
State Bar R. art. X, § 9)).