**Jean SOWELL, Appellant,**

**v.**

**THE KROGER CO., Appellee.**

**No. 01–05–00710–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 1, 2006.

Supplemental Opinion on Grant of
Rehearing Sept. 29, 2006.

Clinton E. Wells Jr., McDowell Wells LLP, Houston, TX, for Appellant.

Brock C. Akers and Evelyn Ailts Derrington, Phillips & Akers, P.C., Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, HANKS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Jean Sowell, appellant, suffered injuries after slipping on an unidentified liquid in a Kroger store. Ten months after the suit was filed, The Kroger Co. (Kroger), appellee, filed a no-evidence motion for summary judgment. Sowell appeals from the trial court's granting of the motion.

In two points of error, Sowell argues that the trial court erred by (1) not providing a presumption that Kroger had spoliated evidence and (2) not finding that there was some evidence that there was a dangerous condition which posed an unreasonable risk of harm.

We affirm.

## Background

On March 14, 2004, Sowell was in a Kroger store when she slipped on an unidentified liquid on the floor. Sowell sustained injuries and was taken to a hospital for treatment. On June 15, 2004, Sowell brought suit. Kroger filed a no-evidence motion for summary judgment on April 9, 2005, arguing that there was no evidence of (1) an unreasonable risk of harm or (2) that Kroger was aware of it. Sowell responded, arguing that Kroger intentionally or negligently destroyed witness statements, and that the spoliation should allow her to survive summary judgment.

Sowell based her argument on a deposition of Richard Flores, a co-manager of the Kroger store where the accident took place. Flores prepared an incident report concerning Sowell's fall. In his deposition testimony, Flores admitted that he had taken statements from witnesses and turned them over to Kroger's risk management department. Sowell argued that because she did not receive the statements pursuant to a request for witness statements in her request for disclosure, a rebuttable presumption should apply against Kroger that it knew or should have known of an unreasonable risk of harm. After a hearing was held, the trial court granted summary judgment.

## No–Evidence Motion For Summary Judgment

Sowell argues that the trial court erred by granting summary judgment against her because (1) there was evidence that Kroger had spoliated evidence that presumptively would have shown that Kroger was aware of an unreasonable risk of harm and (2) there was some evidence that there was a dangerous condition which posed an unreasonable risk of harm.

### A. Standard of Review

When a party raises a charge of spoliation in response to a motion for summary judgment, we apply a modified standard of review. *Aguirre v. S. Tex. Blood and Tissue Ctr.*, 2 S.W.3d 454, 457 (Tex.

App.-San Antonio 1999, pet. denied). First, we review the trial court's rejection of a request for a spoliation presumption for an abuse of discretion. *Id.* Second, if we find no abuse of discretion, "we proceed under the no-evidence standard of review to determine whether, without the presumption, more than a scintilla of evidence exists precluding summary judgment." *Id.*

A no-evidence motion for summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.). In general, a party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the non-movant's claims on which it would have the burden of proof at trial. *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.-Austin 2000, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the non-movant to raise a fact issue on the challenged elements. Tex.R. Civ. P. 166a(i). A no-evidence summary judgment will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch*, 118 S.W.3d at 751. We view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.*

A no-evidence summary judgment is improperly granted if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* When the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, more than a scintilla of evidence exists. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). A defendant who moves for summary judgment need only negate one element of the plaintiff's cause of action. *See Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

## B. Spoliation of Evidence

■ During his deposition, Flores stated that he had taken statements from witnesses to the accident. He also stated that he included the statements in the file that he sent to the risk management department. Sowell argues, as she argued to the trial court, that the fact that Kroger did not turn over the witness statements is proof that Kroger destroyed the documents and that they should be presumed to prove an unreasonable risk of harm.

■ Kroger points out, however, that there is nothing in the record showing that these statements were ever requested by Sowell. Sowell included, as an appendix to her brief, her request for disclosure requesting witness statements. However, attachments of documents as exhibits or appendices to briefs is not a formal inclusion in the record on appeal. *Till v. Thomas*, 10 S.W.3d 730, 734 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Therefore, we cannot consider it. *Id.* Because the request for disclosure was not a part of the record before the trial court, we hold that the trial court did not abuse its discretion in denying the presumption of spoliation.

■ Next we must consider, absent the presumption of spoliation, whether the record reflects some evidence that Kroger knew or should have known of an unreasonable risk of harm. *Aguirre*, 2 S.W.3d

at 457. Sowell does not cite, and we do not find, anything in the record that provides some evidence that Kroger knew or should have known of an unreasonable risk of harm.

We overrule Sowell's first point of error.[1]

## Conclusion

We affirm the judgment of the trial court.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

Jean Sowell, appellant, suffered injuries after slipping on an unidentified liquid in a Kroger store. On June 1, 2006, this Court affirmed the trial court's granting of Kroger's no-evidence motion for summary judgment. Sowell has filed a motion to supplement the record and a motion for rehearing based on the supplemental record. Having previously granted the motion to supplement the record, we now grant the motion for rehearing, although our disposition remains the same, and we supplement our opinion with the following.

## Motion for Leave to Supplement the Record

In her motion for leave to supplement the record, Sowell argued that, during the pendency of her appeal, she had filed a request to the district clerk to supplement the record with her request for disclosure. Because the record was not supplemented, we granted her motion for leave to supplement the record with the original request.

## Motion for Rehearing

In her motion for rehearing, Sowell quotes the portion of our opinion in which

we said, "Because the request for disclosure was not a part of the record before the trial court, we hold that the trial court did not abuse its discretion in denying the presumption of spoliation." Sowell states that she assumes that this is a clerical error and that we meant "this Court" instead of "the trial court."

To clarify, we did mean the trial court. As an appellate court, we review the judgment of the trial court for error. TEX. R.APP. P. 44.1. In order for the trial court to have found spoliation of records, there had to be evidence of a request for those records presented to the trial court before the judgment was entered. *See* TEX.R. CIV. P. 166a(c) (specifying deadlines for filing response to motion for summary judgment); *Dominguez v. Kelly*, 786 S.W.2d 749, 753 (Tex.App.-El Paso 1990, writ denied) (holding that documents filed after summary judgment hearing can only be considered by trial court if filed with leave of court). The supplemental record reflects that the "Defendant's Response to Request for Disclosure" was not filed with the trial court until November 14, 2005. The trial court granted Kroger's motion for summary judgment on June 24, 2005. Because there was no evidence of a request for allegedly spoliated documents before the trial court prior to the rendering of the judgment, we cannot find error in the trial court's judgment.

## Conclusion

We affirm the judgment of the trial court.

1. Because we found that there was no evidence that Kroger knew or should have known of an unreasonable risk of harm, we do not need to reach Sowell's second point of error. *See Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970) (holding that a defendant need only negate one element of the plaintiff's cause of action).