

NUMBER 13-13-00510-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LETICIA RENDON,                                                        Appellant,

v.

TARGET STORE # 2152,                                                   Appellee.

### On appeal from the 103rd District Court of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Perkes
### Memorandum Opinion by Justice Garza

In this slip-and-fall case, appellant Leticia Rendon contends that the trial court

erred in granting a no-evidence summary judgment in favor of appellee, Target Store

#2152 ("Target").[1]  Specifically, by several sub-issues, Rendon contends that:  (1) the trial court failed to review the evidence in the light most favorable to her, the non-movant; (2) the circumstantial evidence that Target failed to reasonably inspect the floor raised a fact issue as to whether Target knew or should have known of a dangerous condition; and (3) there was more than a scintilla of evidence supporting a spoliation finding.  We affirm.

## I. BACKGROUND[2]

In her deposition testimony, Rendon stated that, about 8:00 p.m. on the evening of December 12, 2009, she went to the Target store located in Brownsville, Texas. Rendon was accompanied by her niece, Aracely Villarreal.  It was drizzling outside. Rendon and Villarreal had been in the store about ten minutes when they turned down a center aisle and walked toward the back of the store.  As she neared the next cross-aisle, Rendon slipped and fell to the floor.  Rendon said that the floor was "very shiny" and "slippery" and "[t]hat's why [she] fell."  Rendon knew the floor was slippery because it looked very shiny.  Although Rendon did not see anything on the floor, Villarreal found a clear plastic cap on the floor nearby.  Villarreal picked the cap up and placed it on a shelf. Rendon did not know whether the cap had anything to do with her fall.  When she fell, Rendon did not feel any moisture on the floor or on her clothing.  Although she did not think her shoes were wet, Rendon said that the drizzling outside may have contributed to the accident because "people [are] walking with wet shoes."  She did not know "exactly what was on the floor other than it was shiny and it felt slippery."  When she fell, Rendon

---

[1] Appellee notes that the proper party is Target Corporation and that it was incorrectly sued as "Target Store #2152."

[2] The background facts are taken from deposition excerpts which were included in Rendon's summary judgment evidence.

2

felt pain in her wrist, arm, foot, and tailbone. After she was helped to her feet by Villarreal and another customer, Rendon continued shopping for a short while, but left the store without making a purchase because she did not find what she was shopping for. Rendon did not report the injury that night because she was "hoping the pain would go away."

The following morning, a friend drove Rendon to Target, and she reported the fall to Fred Regalado, the manager on duty. Rendon showed Regalado where she fell in the store. According to Rendon, Regalado told her that there was "probably" a video recording because the store's cameras are always operating. When asked whether the plastic cap on the floor played any part in her fall, Rendon said she did not know.

Villarreal's deposition testimony was consistent with Rendon's. Villarreal did not see Rendon fall because it occurred very quickly. She saw a small "lid" on the floor and thought Rendon might have slipped on it. She picked the object up and placed it to the side. When she picked it up, it was not wet.

Regalado testified that in December, 2009, he was an executive team leader in charge of asset protection at the Target store. Although he did not recall meeting with Rendon or completing the "Guest Incident Report" describing her accident, he acknowledged that he filed the report on December 13, 2009. The report described the weather conditions on December 12 as "drizzling throughout the day."

Regalado stated that Target's policy is that each employee, or team member, is responsible for inspecting and maintaining the floor. There was no specific schedule for cleaning or inspecting the floor, but those tasks were done on an ongoing basis. Regalado did not recall whether he was working on the evening that the fall occurred. Regalado recalled that several photographs were taken of the location where Rendon fell.

3

The photographs were attached to the incident report. The accident occurred in the center aisle in an area that Regalado described as "between infant and boys."

Regalado stated that he was certain that there was no video recording of the accident because very little shoplifting occurred in that area of the store, and therefore, no video cameras were directed at the area. Regalado admitted that he may have told Rendon that he would check for a video recording, but would not have told her that a video "probably" existed because he knew it did not. Even though Regalado knew there was no video because of the location, he would not have disclosed that to Rendon because he would not have discussed camera strategy with her. Regalado stated that he was "100 percent certain there was no camera pointing in that direction." Regalado was "absolutely certain" that there was no camera directed at the area because he was responsible for the camera strategy in the store. Regalado was questioned about other slip-and-fall accidents at the Target store. Most of the accidents he was questioned about occurred before he worked at the store. On the "Electronic Incident Report" documenting the incident, Regalado admitted that the section entitled "video" is marked as "unknown."

On June 17, 2013, Target filed its no-evidence motion for summary judgment. In its motion, Target asserted that Rendon had no evidence that: (1) Target had actual or constructive knowledge of an allegedly hazardous condition on its premises; (2) the allegedly hazardous condition presented an unreasonable risk of harm; (3) Target failed to exercise reasonable care to reduce or eliminate the risk; or (4) Target's alleged conduct proximately caused Rendon's alleged injury. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (listing elements of a premises liability claim). On August 16, 2013, Rendon filed a response. As summary judgment evidence, she submitted: (1) the

4

Target incident report and the electronic incident report; (2) excerpts from the Target Team Member Handbook; (3) photographs of the location where the accident occurred; (4) excerpts from the depositions of Rendon, Villarreal, and Regalado; (5) excerpts from Target's discovery responses; and (6) her own affidavit. On August 19, 2013, Rendon filed a supplemental response, to which she attached excerpts from the deposition of Adolfo Ruiz, the manager or team leader at the Target store the night Rendon fell.

On August 29, 2013, the trial court granted Target's no-evidence motion for summary judgment. The order states that the trial court heard the motion on August 27, 2013.[3]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i) is essentially a motion a for pretrial directed verdict. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A no-evidence motion for summary judgment is appropriate when there is no evidence of one or more essential elements of a claim on which the adverse party will bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Scripps Tex. Newspapers, L.P. v. Belalcazar*, 99 S.W.3d 829, 840 (Tex. App.—Corpus Christi 2003, pet. denied). The motion must be specific in challenging the evidentiary support for an element of a claim or defense. *Gish*, 286 S.W.3d at 310. "When reviewing a no-evidence summary judgment, we 'review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and

---

[3] The docket sheet notes that the trial court found "no evidence as to bases [sic] of fall and no evidence of spoiliation [sic] of video." The order itself does not state the grounds for the trial court's decision. No reporter's record of the hearing is included in the record.

5

disregarding contrary evidence unless reasonable jurors could not.'" *Id.* (quoting *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006)).

A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of summary judgment evidence to raise a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). A nonmovant produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *see City of Keller*, 168 S.W.3d at 827. A nonmovant produces no more than a scintilla when the evidence is so weak that it does no more than create a mere surmise or suspicion of a fact. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

The elements of a premises liability claim are:

(1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc.*, 15 S.W.3d at 99.

### III. DISCUSSION

By her first sub-issue, Rendon contends that the trial court failed to review the evidence in the light most favorable to her. Rendon does not further develop this

6

argument or identify any evidence in support of her contention. Rather, she discusses the evidence that she contends raises a fact issue on each of the elements. By her second sub-issue, Rendon contends that the evidence raised a fact issue as to whether Target knew or should have known of a dangerous condition. We address these sub-issues together.

To prevail on her claim, Rendon had to prove, among other things, that Target had actual or constructive notice of a dangerous condition. *See id.* A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed a substance on the floor, (2) the defendant actually knew that a substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (holding that the mere proximity of an employee to the site of an accident does not raise a fact issue regarding constructive notice of a dangerous condition).

Here, Rendon presented no evidence that Target placed any substance on the floor or that it actually knew of a dangerous condition on the floor. She also presented no evidence that a dangerous condition existed long enough to give Target a reasonable opportunity to discover it. She did not see any Target employees in the area where she fell. Rendon's only proffered evidence that the floor was "slippery" is that it looked "shiny." She admitted that when she fell, she did not feel any moisture. She stated that she did not know if her shoes were wet. Although Villarreal saw a plastic cap on the floor after the fall, Rendon did not know whether the cap had anything to do with her fall. Even if Rendon slipped on the cap, she presented no evidence regarding how long the cap may have been on the floor. Rendon's argument is simply that there must have been

7

something on the floor that caused her to slip because "you don't slip if—if—if the floor is normal[.]" Rendon argues in her brief that "[a] reasonable inference can be made that a foreign object or substance knocked [her] off stride and caused her to slip and fall and hurt herself."

Circumstantial evidence may be used to establish any material fact, but it must transcend mere suspicion. *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001). When circumstances are consistent with any possibility, and nothing shows that one is more probable than the other, no fact can be inferred. *Wright v. Wal-Mart Stores, Inc.*, 73 S.W.3d 552, 555 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Evidence so slight that any inference is purely a guess is no evidence at all. *Id.* at 557 (citing *Lozano*, 52 S.W.3d at 148).

As to Target's actual or constructive knowledge of the dangerous condition, Rendon points to Regalado's testimony that Target does not have specific schedules for inspecting or cleaning the floors. A plaintiff must present some evidence of how long a hazard existed to impose liability on the premises owner. *Reece,* 81 S.W.3d at 816; *see also Wal-Mart Stores v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (holding that when circumstantial evidence is used to prove constructive knowledge, the evidence must show that it is more likely than not that the dangerous condition existed long enough to give the premises owner a reasonable opportunity to discover it). Here, Rendon's assertion that there must have been a foreign object or substance on the floor that caused her to fall is no more than mere speculation. In addition, she has not presented any evidence that it is more likely than not that a dangerous condition existed long enough to give Target a reasonable opportunity to discover it. *See Reece*, 81 S.W.3d at 816; *Gonzalez*, 968

8

S.W.2d at 936. Viewing the evidence in the light most favorable to Rendon, we conclude that she did not produce summary judgment evidence raising a genuine issue of material fact to support either the knowledge or the unreasonably dangerous condition elements of her claim. Accordingly, the trial court properly granted Target's no-evidence motion for summary judgment. We overrule Rendon's first and second sub-issues.[4]

By her third sub-issue, Rendon argues that there was more than a scintilla of evidence to raise a fact issue on spoliation of evidence, which would have precluded summary judgment. In her response to Target's no-evidence motion, Rendon argued that, because Regalado gave inconsistent statements as to the existence of a videotape of the accident, more than a scintilla of evidence raising a fact issue on spoliation existed, precluding summary judgment.

By granting Target's no-evidence motion, the trial court implicitly rejected Rendon's request for a finding of spoliation. *See Clark v. Randall's Food*, 317 S.W.3d 351, 356 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). We therefore review whether the trial court abused its discretion by denying a finding of spoliation. *Id.* If the trial court did abuse its discretion by denying the spoliation finding, then summary judgment was improper. *Id.*

The act of spoliation refers to destruction of evidence relevant to a case. *Id.* The inquiry as to whether a spoliation sanction or presumption is justified requires a court to consider (1) whether there was a duty to preserve evidence, (2) whether the alleged

---

[4] Because the trial court properly granted summary judgment on no-evidence grounds as to these two elements, we need not discuss Rendon's arguments as to the remaining elements. *See* TEX. R. APP. P. 47.1.

9

spoliator breached that duty; and (3) whether the spoliation prejudiced the non-spoliator's ability to present its case or defense. *Id.*

In her response to Target's no-evidence motion, Rendon pointed to the following inconsistencies, which she argued raised a fact issue on spoliation and precluded summary judgment: (1) when she reported the accident, Regalado told her there was "probably" a video of the accident, but later gave deposition testimony that no video existed; (2) in the electronic incident report, Regalado reported it was "unknown" whether there was a video of the accident, but later stated that no video existed; and (3) photographs show that the accident occurred in the aisle with women's clothes, not in the infants and boys section.

We are unpersuaded that these alleged inconsistencies precluded summary judgment. Regalado stated that he was "100 percent certain" that there was no video coverage of the accident because he was responsible for camera placement and no cameras were directed at the area. He admitted he may have told Rendon that he would look for a video, but denied that he told her that a video "probably" existed because he knew it did not exist. He did not discuss with her that no video existed because it would have been inappropriate to discuss Target's camera strategy with a customer. With regard to why he stated it was "unknown" whether video existed on the electronic report, Regalado said he did not know why he made that statement, but was certain there was no video coverage. As to the discrepancy between whether the accident occurred in the infants and boys section (as Regalado stated in his deposition testimony) or in the intimate apparel section (as stated in the electronic report), Rendon provided no evidence of spoliation with respect to either location.

Rendon presented no evidence that any video of the accident existed.  We do not find the allegedly inconsistent testimony sufficient to rise to a scintilla of evidence that would support a spoliation finding and preclude summary judgment.  *See Cresthaven Nursing Residence v. Freeman*, 134 S.W.3d 214, 228 (Tex. App.—Amarillo 2003, no pet.).  Accordingly, the trial court did not abuse its discretion in refusing to find spoliation.  *See Clark*, 317 S.W.3d at 360.  We overrule Rendon's third sub-issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
15th day of May, 2014.