

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00183-CV

IRMA VILLALON, APPELLANT

V.

KOLLMAN & KOLLMAN, CO., D/B/A CHICKEN EXPRESS
AND BIRDMAN, INC., APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2013-505,753, Honorable Leslie Hatch, Presiding

March 27, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Irma Villalon appeals from an order granting the motion for summary judgment filed by Kollman & Kollman, Co., d/b/a/ Chicken Express (Chicken) and Birdman, Inc. Villalon sued Chicken to recover damages caused by a premises defect. Chicken moved for both a traditional and no evidence summary judgment. Upon granting the motion, the trial court denied Villalon relief against (and ordered she take nothing from) Chicken. Villalon contends before us that the trial court erred in granting the motion and denying her relief. We affirm.

According to Villalon's live pleading, she was walking across the grass of Chicken's facility when:

> Unbeknownst to . . . [her], there was a hole in the lawn . . . probably 12 inches to 18 inches in diameter, and at least 12 inches deep. The hole was almost entirely obscured by the tall fescue grass covering the lawn and growing across the hole.  In the bottom of the hole were valves for the sprinkler irrigation system . . . .  As Plaintiff crossed the lawn, she stepped in the obscured hole, and suffered injury to her right foot and ankle.

That is, she "stepped down into a valve box."  Though the box had a lid, Villalon did not know if it was off or "on it correctly" at the time.  In any case, her "foot just went through."  And, in her petition, she alleged that "Defendants were negligent in that the hole in the grass lawn in front of its restaurant posed an unreasonable risk of harm."

Chicken joined issue and filed its traditional and no evidence motion for summary judgment.  Within same, it averred, among other things, that there was no evidence of 1) a condition posing an unreasonable risk of harm or 2) Chicken knowing or constructively knowing that such a condition existed.

That the claim sounded in premises liability is undisputed.  The elements of such a cause of action are 1) the owner/operator had actual or constructive knowledge of some condition on the premises, 2) the condition posed an unreasonable risk of harm, 3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk, and 4) the condition was a proximate cause of injury.  *Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992); *Gillespie v. Kroger Texas, L.P.*, 415 S.W.3d 589, 592 (Tex. App.—Dallas 2013, pet. denied).  Furthermore, the unreasonable condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition.  *Brookshire Grocery Co. v.*

2

*Taylor*, 222 S.W.3d 406, 407 (Tex. 2007). With this said, we turn to the record before us.

Again, Villalon alleged that she stepped into a hole in the lawn next to Chicken's building. The hole was a sprinkler valve box. Though the box had a lid, she did not know if the lid was off the box or placed on it but in an improper manner.[1] So, the unreasonably dangerous condition in question consisted of either a covered sprinkler box appearing in the lawn of Chicken or an uncovered or improperly covered sprinkler box appearing in the lawn.

Next, one seeking to defeat a no evidence motion for summary judgment must produce evidence of probative force sufficient to raise a fact issue on the material questions presented. *Greenwood v. Lee*, 420 S.W.3d 106, 115 (Tex. App.—Amarillo 2012, pet. denied). Given the purportedly dangerous condition at issue here, Villalon's burden, at the very least, was twofold. She was obligated to present some evidence illustrating that the purported condition actually existed and that Chicken knew or should have known of the dangerous condition she proved to exist. That burden was not met.

The sprinkler box had a lid. Nothing of record illustrates that placing a covered sprinkler box in a lawn in and of itself creates an unreasonable risk of harm. There is no evidence that Villalon would have stepped into the valve box had the cover been properly affixed. Nor is there evidence that a properly affixed cover would not have withstood her weight and prevented her from stepping through it and into the box. Indeed, Villalon's husband testified, via deposition, that valve box lids are constructed to

---

[1] While Villalon said much about the box being hidden by overgrown grass, it was her stepping into the hole or sprinkler box that caused her injury. She did not trip over the box because grass hid it. Nor is there evidence that the overgrown grass somehow caused the box to be uncovered or improperly covered. So, in effect, the presence of overgrown grass meant nothing given the condition that allegedly caused her injuries . . . stepping into the sprinkler box.

3

carry weight. Also missing is evidence that Chicken knew or should have known that installing a properly covered sprinkler box into the lawn somehow created an unreasonable risk of someone stepping into it.

And, if we were to assume *arguendo* that placing an uncovered sprinkler box or a box with an improperly affixed lid into a lawn created a dangerous condition, there is no evidence that Chicken knew or should have known that such a condition existed. First, the record illustrates that a Chicken employee looked at the box within an hour before the incident and saw that the lid was on it. Nothing indicates that any employee knew the lid was off.

Second, we were cited to and found no evidence suggesting either that others stepped into the box when the lid was affixed or that Chicken knew that others had stepped into the hole when the box was covered. *See Univ. of Texas-Pan Am. v. Aguilar*, 251 S.W.3d 511, 514 (Tex. 2008) (stating that a relevant consideration to actual knowledge is whether the owner/operator has received prior reports). Similarly missing is evidence that if the lid was off or improperly affixed, the condition existed for a sufficient length of time to indicate that the premises owner had a reasonable opportunity to discover it. *See Clark v. Randall's* Foods, 317 S.W.3d 351, 357-58 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (stating that if no actual knowledge exists, then there must be proof that the condition existed for some length of time to indicate the owner had a reasonable opportunity to discern and remedy it). So, in short, circumstantial evidence does not appear of record from which one could reasonably infer that Chicken should have known the box was uncovered or improperly covered.

4

Simply put, Villalon failed to present evidence creating a material issue of fact upon two elements of her claim, *i.e.*, the presence of an unreasonably dangerous condition and Chicken's actual or constructive knowledge of it. Those two elements were encompassed by Chicken's no evidence motion for summary judgment. So, the trial court did not err in granting the motion and denying Villalon relief.

Accordingly, the summary judgment is affirmed.

Brian Quinn
Chief Justice