**Affirmed and Majority Opinion and Dissenting Opinion filed May 11, 2021.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-19-00335-CV
_____

**CRYSTAL GREGG, Appellant**

**V.**

**WALGREEN CO., Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1109623**

## DISSENTING OPINION

I dissent because the trial court abused its discretion by impliedly denying the alleged spoliation of evidence and, in turn, granting appellee Walgreen Co.'s no-evidence motion for summary judgment.

**Denial of Spoliation of Evidence Was an Abuse of Discretion**

**Spoliation of Evidence**

In determining whether a spoliation presumption is justified, the court considers the following elements: (1) whether the spoliating party had a duty to preserve evidence, (2) whether the alleged spoliator breached that duty by failing to do so, and (3) whether the spoliation prejudiced the non-spoliator's ability to present its case or defense. *See Clark v. Randalls Food*, 317 S.W.3d 351, 356 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see also Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 14 (Tex. 2014); *Miner Dederick Constr., LLP v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 465 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

A party must preserve what it knows, or reasonably should know, is relevant to the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery sanction. This duty is triggered when the party knows or reasonably should know that there is a substantial chance a claim will be filed, and the evidence is relevant and material. *Clark*, 317 S.W.3d at 357.

**The Duty to Preserve Evidence**

Esmeralda Calzoncinth ("Calzoncinth"), the store manager, testified in her deposition that immediately after appellant Crystal Gregg's fall, she called the store's insurance carrier to report the claim, and spoke with Krystal Sedgwick ("Sedgwick"). Calzoncinth made a report to Sedgwick, and then, within the hour, as part of the claims process, copied the portion of the videotape showing appellant's entry into the store and her subsequent fall. Calzoncinth additionally testified that appellant returned to the store a few days later and, at appellant's

2

request, was provided the claim number.  Appellant asked for and was given a wrist brace by Calzoncinth immediately after her fall because appellant complained her wrist was hurting.  The incident occurred on March 6, 2017.  On May 17, 2017, counsel for appellant sent a letter to Sedgwick, informing the carrier of the claim, and requesting that "Walgreens [sic] immediately take appropriate steps to preserve any documentary or physical evidence *related to the accident, including but not limited to* any store surveillance videotape which captured some or all of the incident in question." (emphasis added).  The record supports the duty of Walgreen's to preserve the videotape both of the incident, and prior to the incident.

**Breach of the Duty to Preserve**

Calzoncinth admitted in her deposition that preservation of store videos on the day of the incident was limited.  Calzoncinth, despite being fully apprised of Gregg's claim, only preserved Gregg's entry into the store, seventeen seconds before Gregg's fall, and a period after Gregg's fall.  Calzoncinth acknowledged there were sixteen separate camera angles.  Finding Gregg appeared on four of the videotapes, she only preserved a brief section of the videotape from one of the cameras that showed Gregg's fall and the seventeen seconds preceding the fall.  Calzoncinth admitted that the two-hour period prior to the fall could have been retained on multiple CDs, but she did not do this.  She further admitted that even a month after Gregg's fall, additional videotape footage was available, but not preserved.  Calzoncinth's testimony further indicates that the store "machine" holds three months of video footage.  After three months, however, old videos are taped over and lost, unless preserved.  This is what happened in this case.  Despite Gregg putting Walgreen Co. on notice and despite her counsel requesting that such information be preserved, it was not.  Because Walgreen Co. was on notice of the

3

claim on the date of the incident or within a few days of the fall, the duty to preserve the videotape arose well before the three month retention period.

**Prejudice to Gregg's Ability to Present Her Case**

The elements of a premises liability case are:

1. The owner had actual or constructive knowledge of some condition on the premises;

2. The condition posed an unreasonable risk of harm;

3. The owner did not exercise reasonable care to reduce or eliminate the risk of harm; and

4. The owner's failure to use such care proximately caused the plaintiff's injuries

*Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (citing *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex.2006) (per curiam); *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)); *see Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

Without temporal evidence, there is no basis upon which the fact finder can reasonably assess the opportunity the premises owner had to discover the dangerous condition. *Clark*, 317 S.W.3d at 357. Because constructive knowledge is a necessary element of proof to establish liability, the videotape footage of the one to two hours preceding Gregg's fall should have been preserved. Walgreen Co. has offered no justification for its failure to preserve the store videotape(s) for the one to two hours prior to the incident, which could show whether liquid or water was spilled on the floor, if the floor had been recently mopped, or if someone else had slipped or fallen at the same location prior to Gregg's fall.

4

In her deposition, Calzoncinth testifed that although she and the cashier visually inspected the floor and did not see any water, she did not know how much time had elapsed since the incident and their visual inspection, and could not remember how many people had walked through the area prior to their inspection. Neither employee touched the floor.

## Prejudice to Appellant

In determining whether Gregg was prejudiced in her ability to present her case, we review the various circumstances, including the harmful effect of the missing evidence and the availability of other evidence to take the place of the missing information. *Clark*, 317 S.W.3d at 359.

The key issues in the case are whether there was water on the floor prior to appellant's fall, and whether Walgreen Co. had constructive knowledge of such a condition.

Because we cannot determine when the store manager and cashier made a visual inspection of the floor, and Gregg testified in her deposition that she did not look at the floor after the incident, there is no available evidence other than the missing videotape footage to determine if water was on the floor prior to the fall, and for what period of time, if any. Based on the record before us, we also cannot determine whether there was water on the floor after Gregg's fall.

"In resolving evidentiary matters, a trial court does not abuse its discretion 'if some evidence reasonably supports the court's ruling.'" *Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions,* 610 S.W.3d 911, 916 (Tex. 2020) (quoting *Henry v. Cox,* 520 S.W.3d 28, 34 (Tex. 2017)). A trial court, however, has no "discretion" to incorrectly analyze or apply the law. *Id.*; *Walker*

*v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (noting "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion").

"It is a fundamental tenet of our legal system that trials should be decided on the merits, but when one party destroys evidence or permits evidence to be destroyed, this can make fair presentation of the merits difficult." *Johnson v. Nat'l Oilwell Varco, LP*, 574 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Aldridge*, 438 S.W.3d at 16). In the case at issue, the requisites of spoliation were met, and the effect of the trial's court's ruling prevents Gregg, as the party seeking affirmative relief, from presenting proof of an essential element of her claim in response to Walgreen Co.'s no-evidence motion for summary judgment, based on an unexplained spoliation of evidence. Therefore, the implied denial of the spoliation of evidence finding was an abuse of discretion.

For these reasons, I respectfully disagree with the majority opinion. Because the trial court abused its discretion in impliedly denying the alleged spoliation of evidence without reference to guiding principles, the judgment should be reversed and the cause remanded for further proceedings. *See Miner Dederick Constr., LLP*, 403 S.W 3d at 465.

/s/     Margaret "Meg" Poissant
         Justice

Panel consists of Justices Zimmerer, Poissant, and Wilson (Wilson, J., majority).

6