Opinion issued July 29, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00526-CV

———————————

**MIRIAN REYES, Appellant**

**V.**

**FIESTA MART, LLC, Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-13268**

---

## MEMORANDUM OPINION

In this slip-and-fall case, appellant Mirian Reyes challenges the trial court's rendition of summary judgment in favor of appellee Fiesta Mart, LLC, in Reyes's suit for premises liability. In two issues, Reyes contends that the trial court erred in granting Fiesta's hybrid motion for summary judgment because (1) she presented

evidence that Fiesta had actual or constructive knowledge of the premises condition and (2) adequate time for discovery had not elapsed at the time the trial court granted the motion.

We affirm.

## Background

In her petition, Reyes alleged that on October 30, 2020, she was shopping at the Fiesta grocery store located at 2877 Rickey Street, in Houston, Texas, when she slipped and fell on a substance on the floor of the produce department, injuring herself.

Reyes sued Fiesta asserting claims for negligence and premises liability. She alleged that her fall and resulting injuries were caused by Fiesta's failure to properly maintain its premises in a safe manner. With respect to her premises liability claim, Reyes alleged that (1) she was an invitee, (2) Fiesta was a possessor of the premises, (3) a condition on the premises posed an unreasonable risk of harm, (4) Fiesta knew or reasonably should have known of the danger, (5) Fiesta breached its duty of ordinary care by failing to (a) adequately warn Reyes of the condition and (b) make the condition reasonably safe, and (6) Fiesta's breach proximately caused her injuries.

Fiesta answered, generally denying the allegations in Reyes's petition and asserting certain defenses and limitations on liability and damages.

Fiesta filed a hybrid traditional and no-evidence motion for summary judgment. As to its no-evidence motion, Fiesta asserted that an adequate time for discovery had elapsed and Reyes could not produce any evidence to support the notice element of her premises liability claim. As to its traditional motion, Fiesta asserted that even if Reyes had produced more than a scintilla of evidence to establish each of the essential elements of her claim, her deposition testimony and written admissions conclusively established that Fiesta did not have actual knowledge of a substance on the floor before Reyes fell. It further asserted that to prove constructive notice, Reyes was required to provide temporal evidence showing how long the condition existed prior to her fall, but she had failed to do so. It also asserted that Reyes was barred from bringing a general negligence claim against it.[1] Fiesta attached to its summary judgment motion Reyes's responses to Fiesta's first request for admissions, excerpts from Reyes's deposition transcript, and photographs taken by Reyes's daughter.

---

[1] Fiesta argued that Reyes's general negligence claim was barred because her allegations gave rise solely to a premises liability claim and that negligence and premises liability claims arising from an alleged unreasonably dangerous condition are mutually exclusive. Reyes did not address this ground either in her summary judgment response in the trial court or in her briefing on appeal and has therefore waived it. *See D.R. Horton–Tex., Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 743 (Tex. 2009) (concluding failure to present issue to defeat summary judgment in trial court waives issue on appeal); *see also* TEX. R. APP. P. 38.1(i) (requiring brief on appeal to contain clear and concise argument for contentions made, with appropriate citations to authorities and to record).

In her summary judgment response, Reyes asserted that Fiesta had actual and constructive knowledge of the substance on the floor prior to her fall. According to Reyes, the evidence showed that (1) Fiesta believed the area in which Reyes fell was open and obvious and that it had adequately warned her of the conditions, (2) there were no signs or cones in the area warning her of the condition, and (3) a Fiesta employee was performing his job duties in the area at the time Reyes fell. As summary judgment evidence, Reyes attached to her response Fiesta's original answer, its initial disclosures and responses to her requests for production, photographs, and Reyes's deposition transcript.

In its summary judgment reply, Fiesta asserted that Reyes's premises liability claim failed because she had not presented legally sufficient evidence of Fiesta's actual or constructive knowledge of the substance on the floor. Fiesta asserted that Reyes presented no evidence (1) that the Fiesta employee who was stocking nearby knew there was a substance on the floor, (2) that any Fiesta employee was aware of a substance on the floor prior to Reyes's fall, and (3) of the length of time the substance had been on the floor prior to her fall. Rather, it asserted, Reyes admitted that she had no evidence that Fiesta had actual or constructive knowledge of the substance on the floor where Reyes slipped.

Reyes filed a supplemental summary judgment response, asserting that Fiesta had deliberately withheld discovery responses that would have led to evidence of

4

Fiesta's actual and constructive knowledge of the premises condition, and that it had failed to preserve evidence that could potentially prove Reyes's premises liability claim. She asserted that Fiesta's original interrogatory responses, stating that a Fiesta employee had been cleaning the floor at the time that Reyes fell and that Fiesta had placed a "wet floor" sign in the area being cleaned, contradicted Fiesta's assertion in its summary judgment motion that it did not have knowledge of the condition that caused the fall. Reyes attached to her supplemental response Fiesta's discovery responses, her deposition transcript, and her affidavit. In her affidavit, Reyes stated that there was a Fiesta employee stocking fruit nearby when she fell, and she did not see any signs warning of a dangerous condition.

Reyes filed an amended petition, alleging that Fiesta had engaged in spoliation of evidence and requesting that the trial court grant a spoliation presumption in her favor.

Fiesta filed a supplemental reply in support of its motion for summary judgment. It argued that Reyes's failure to conduct discovery was due to her own inaction rather than the result of nondisclosure by Fiesta. Fiesta reiterated its assertion that Reyes's premises liability claim failed because she could not establish Fiesta's actual or constructive knowledge of the premises condition. With respect to Reyes's spoliation request, Fiesta argued that Reyes had not shown that Fiesta should have anticipated litigation and so was not entitled to a spoliation instruction.

Fiesta asserted that it had complied with its duty to amend its answer and discovery responses once it obtained additional information related to Reyes's fall. It attached the declaration of Luis Amaro, the Fiesta store manager, to its supplemental reply. Amaro stated that he did not know there was anything on the floor prior to Reyes's fall, and he was neither aware of, nor able to identify, anyone who knew there was anything on the floor prior to her fall. Amaro further stated that he had reviewed the store's videotape surveillance recording which showed a Fiesta employee cleaning the general produce department and that a cone had been placed in the area after Fiesta was notified of Reyes's fall. Amaro explained that there was no videotaped recording of Reyes's fall or the area itself. Fiesta objected to Reyes's summary judgment affidavit and moved to strike it as untimely.

On June 12, 2023, the trial court held a hearing on Fiesta's summary judgment motion which was continued to July 17, 2023. Following the hearing, on July 17, 2023, the trial court signed an order granting Fiesta summary judgment on Reyes's claims against it. This appeal followed.

## Summary Judgment

In her first issue, Reyes contends that the trial court erred in granting Fiesta summary judgment on her premises liability claim because she presented more than a scintilla of evidence to support each element of her claim.

**A.    Standard of Review**

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party seeking summary judgment may combine in a single motion a request for summary judgment under the no-evidence standard with a request under the traditional summary judgment standard. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). When, as here, a party has sought summary judgment on both grounds and the order does not specify which motion was granted, we typically first review the propriety of the summary judgment under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the nonmovant fails to meet her burden to adduce evidence in response to the no-evidence motion, there is no need to address the challenge to the traditional motion because it necessarily fails. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of the claim on which the adverse party bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *see LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. Tex. R. Civ. P. 166a(i);

7

*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence summary judgment is improper if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Forbes, Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Id.* at 172 (quoting *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (internal quotations omitted)). More than a scintilla exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Id.* Unless the nonmovant raises a genuine issue of material fact, the trial court must grant summary judgment. TEX. R. CIV. P. 166a(i).

A party who files a no-evidence summary judgment motion pursuant to Rule 166a(i) essentially requests a pretrial directed verdict. *Mack Trucks*, 206 S.W.3d at 581. We review the evidence presented by the summary judgment record in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

When reviewing a traditional summary judgment motion, we take as true all evidence favorable to the nonmovant, and we indulge in every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating*, 164 S.W.3d

8

at 661 (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). To prevail on a traditional summary judgment motion, the movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).

**B.    Applicable Law**

Generally, premises owners owe a duty to protect invitees[2] from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them. *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). To prevail on a premises liability claim against a property owner, an injured invitee must establish that (1) a premises condition created an unreasonable risk of harm to the invitee; (2) the owner knew or reasonably should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from the danger; and (4) the owner's failure was a proximate cause of injury to the invitee. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). The threshold requirement in a premises liability claim is the existence of actual or constructive knowledge of an unreasonably dangerous

---

[2]    An invitee is "one who enters on another's land with the owner's knowledge and for the mutual benefit of both." *Hillis v. McCall*, 602 S.W.3d 436, 440 n.6 (Tex. 2020) (internal quotations omitted).

9

condition on the premises. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996).

The standard of care required of the owner toward its invitees is the ordinary care that a reasonably prudent person would exercise under the same or similar circumstances. *Farrar v. Sabine Mgmt. Corp*., 362 S.W.3d 694, 699 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983)). While a premises owner is not an insurer of its invitees' safety, it must protect invitees from conditions on the property that present an unreasonable risk of harm. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162–63 (Tex. 2007).

## C.    Notice

In its summary judgment motion, Fiesta challenged the notice element of Reyes's premises liability claim. To avoid summary judgment, Reyes was therefore required to present evidence that Fiesta had notice of the premises condition, i.e., the substance on the floor.

In the context of slip-and-fall cases, a plaintiff satisfies the notice element by establishing one of three things: (1) the defendant placed a substance on the floor; (2) the defendant actually knew the substance was on the floor; or (3) it is more likely than not that the dangerous condition had existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal–Mart Stores, Inc. v.*

*Reece*, 81 S.W.3d 812, 814 (Tex. 2002). The "actual knowledge" required for premises liability is of the dangerous condition at the time of the incident. *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006). "Constructive knowledge is a substitute in the law for actual knowledge." *CMH Homes*, 15 S.W.3d at 102. Constructive knowledge is "what a person after a reasonable inspection ought to know or have reason to know." *Mendia v. Fiesta Mart, L.L.C.*, No. 01-19-00018-CV, 2021 WL 3412175, at *4–5 (Tex. App.—Houston [1st Dist.] Aug. 5, 2021, no pet.) (mem. op.). Reyes did not present any summary judgment evidence showing that a Fiesta employee placed the substance on the floor. Therefore, she was required to present evidence that Fiesta had either actual or constructive knowledge of the premises condition. We first consider whether Reyes presented more than a scintilla of evidence that Fiesta had actual knowledge.

### 1. Actual Knowledge

In its summary judgment motion, Fiesta asserted that Reyes had presented no evidence that it had actual knowledge of the substance on the floor prior to her fall. It pointed to Reyes's deposition testimony and admission that she was not aware of any Fiesta employee who knew there was a substance on the floor prior to her fall or who knew the source of the substance. It further asserted that there was no evidence that the Fiesta employee whom Reyes testified was placing produce on a display nearby or any other Fiesta employee knew there was a substance on the floor

11

prior to Reyes's fall.[3]  Fiesta also pointed to Reyes's admission that she had no evidence that Fiesta knew about the substance on the floor prior to her fall:

> **REQUEST FOR ADMISSION NO. 22**: Admit that [y]ou have no evidence that Fiesta had ***actual*** knowledge that the alleged substance was present on the floor ***before*** your fall.
>
> **RESPONSE**: ADMIT.

In her supplemental summary judgment response, as on appeal, Reyes asserted that the evidence showed that Fiesta had actual knowledge that the floor was wet.  She pointed to Fiesta's original interrogatory response stating "[Reyes] ignored a wet floor sign and proceeded through an area where a produce clerk was cleaning the floor, causing her[] to slip and fall."  Reyes asserted that Fiesta amended its interrogatory response more than a year later to state that a cone was placed in the area after Fiesta was notified of Reyes's fall and while an employee began cleaning the general department.  According to Reyes, Fiesta amended its response "only to match" the assertion in its summary judgment motion that it had no knowledge of the substance on the floor.

Fiesta responded that it had minimal information regarding the facts surrounding the fall when it first responded to Reyes's suit.  According to Fiesta, it amended its discovery responses once it learned from Amaro, the Fiesta store

---

[3]  In her deposition, Reyes testified that the cart used by the Fiesta employee who appeared to be "cleaning" the produce before placing it out on display was not a mopping or janitorial-type cart but rather a regular shopping cart.

manager, that the warning cone had, in fact, been placed in the general area while an employee was cleaning the entire area as a precaution after Fiesta became aware of the fall. Fiesta correctly points out that it had a duty to amend or supplement its written discovery responses upon obtaining this additional information.[4] Notably, Fiesta's amended discovery responses are consistent with Reyes's own admission as well as her deposition and affidavit testimony that there were no warning cones or wet floor signs in the area when she fell.

Reyes cites *Coffee v. F.W. Woolworth Co.* to argue that Fiesta's actual knowledge could be inferred from the fact that a store employee was placing produce on a display nearby. 536 S.W.2d 539 (Tex. 1976). In *Coffee*, the plaintiff was injured when she tripped over an empty display pallet on the floor of a Woolworth store used to hold merchandise. *See id.* at 540. The jury found that Woolworth had created the dangerous condition and knew or should have known of it. *Id.* The court of appeals reversed, finding that the record contained no direct evidence that Woolworth had actual knowledge that the display pallet was empty. *Coffee v. F.W. Woolworth Co.*, 526 S.W.2d 793, 795 (Tex. Civ. App.—Corpus Christi–Edinburg 1975), *rev'd*, 536 S.W.2d at 539. The Texas Supreme Court disagreed with the court

---

[4] *See* TEX. R. CIV. P. 193.5 (stating party must amend or supplement written discovery if it "learns that the party's response to written discovery was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct").

of appeals, reasoning that the jury could have found that Woolworth had actual knowledge of the dangerous condition because store employees were actually working on the display stand in question thereby creating the dangerous condition. *See* 536 S.W.2d at 540–41. Here, by contrast, there is no evidence that a Fiesta employee created the condition that caused Reyes to fall. And while Reyes testified that a Fiesta employee was nearby stocking fruit from a cart onto a display shelf at the time she fell, Reyes does not claim that she fell on the fruit. *Coffee* does not support Reyes's actual knowledge argument.

No evidence established that Fiesta actually knew of the substance on the floor. Thus, we conclude that Reyes failed to meet her burden of producing a scintilla of evidence showing actual knowledge of the condition.

### 2. Constructive Knowledge

We next consider whether Reyes presented more than a scintilla of evidence that Fiesta had constructive knowledge of the substance on the floor. Courts analyze the combination of proximity, conspicuity, and longevity of the dangerous condition in determining whether to attribute constructive knowledge. *Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567–68 (Tex. 2006).

Temporal evidence, i.e., evidence of the length of time the dangerous condition existed, is the best indication of whether the premises owner had a reasonable opportunity to discover and remedy the condition. *Reece,* 81 S.W.3d at

14

816. "An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it." *Id.* Temporal evidence is necessary for the factfinder to reasonably assess the opportunity that the premises owner had to discover the condition. *Id.* A reasonable time for the owner to discover the condition varies depending upon the facts and circumstances of each case, and evidence of an employee's proximity to the hazard "will often be relevant to the analysis." *Id.* For example, if a dangerous condition is conspicuous, or an employee was in close proximity to a less conspicuous hazard for a "continuous and significant period of time," an employee's proximity might shorten the time period in which the factfinder could find that the premises owner should have reasonably discovered the condition. *Id.* However, evidence of close proximity and conspicuousness of a condition are insufficient, alone, to prove constructive knowledge; temporal evidence "of how long the hazard was there" is required. *Id.*

Reyes presented no evidence of how long the substance had been on the floor before she fell. In her deposition testimony and discovery responses, Reyes stated that she did not know how long the substance had been on the floor prior to her fall, and she was not aware of anyone who knew how long the substance had been on the floor before she fell. Reyes further stated that she did not know the last time the area

15

had been inspected prior to her fall nor was she aware of any statement by a Fiesta employee indicating when the area had last been inspected. *See Coburn v. Toys "R" Us-Del., Inc.*, No. 01-09-00871-CV, 2011 WL 345936, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2011, no pet.) (mem. op.) (holding plaintiff failed to present fact issue as to constructive knowledge because plaintiff presented no evidence of how long substance was on the floor before she fell, no evidence that store employee saw spill before fall, and no evidence that substance was there when employee made her store rounds about fifteen to twenty minutes before plaintiff fell). Reyes also admitted that she had no evidence showing that Fiesta had constructive knowledge of the substance on the floor prior to her fall:

> **REQUEST FOR ADMISSION NO. 22**: Admit that [y]ou have no evidence that Fiesta had constructive knowledge that the alleged [s]ubstance was present on the floor *before* [y]our fall.
>
> **A: ADMIT.**

We conclude that Reyes did not meet her burden to produce a scintilla of evidence showing that Fiesta had constructive knowledge of the condition. We therefore hold that the trial court did not err by granting summary judgment in favor of Fiesta on Reyes's premises liability claim against it.

We overrule Reyes's first issue.

16

**Adequate Time for Discovery**

In her second issue, Reyes contends that the trial court erred in granting Fiesta's no-evidence motion for summary judgment because she did not have adequate time for discovery and thus the motion was premature.

A party may move for a no-evidence summary judgment only "[a]fter adequate time for discovery." TEX. R. CIV. P. 166a(i). The rule does not require that discovery must have been completed, only that there was "adequate time." *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In determining whether the trial court has permitted an adequate time for discovery, we generally consider the following non-exclusive factors: (1) the nature of the cause of action; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case has been active in the trial court; (4) the amount of time the no-evidence motion has been on file; (5) whether the movant has requested stricter time deadlines for discovery; (6) the amount of discovery that has already taken place; and (7) whether the discovery deadlines that are in place are specific or vague. *Mendia*, 2021 WL 3412175, at *6.

**A.    Nature of Case and Evidence Necessary to Controvert Motion**

Reyes alleged that she slipped and fell on a substance on the floor of a Fiesta grocery store. The case involves two parties and concerns the threshold issue of whether Fiesta had actual or constructive knowledge of an unreasonably dangerous

17

condition on the premises. This case is not of a nature that would require extensive or complex discovery. *See McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex. App.—Amarillo 1999, no pet.).

As to the nature of the evidence necessary to controvert Fiesta's no-evidence motion, Reyes asserts that she was unable to obtain a videotape surveillance recording of her fall. According to Reyes, the Fiesta store manager told her sister that the entire incident had been captured by the store's videotape surveillance camera but Fiesta refused to produce the videotape recording in discovery and later stated that it did not have a recording of the incident.

The record does not support Reyes's assertion. In her deposition, Reyes testified that the Fiesta store manager told her sister that he would review the nearby videotape surveillance camera to see what had occurred. In his sworn declaration, the store manager stated that he had reviewed the recording from the store's nearest videotape surveillance camera and determined that the camera had not captured the fall or the incident area, and therefore there was no videotape recording of the incident.

## B.     Length of Time Case and Motion on File

Reyes filed suit against Fiesta on March 3, 2022. On January 27, 2023, the trial court granted Fiesta's agreed motion for continuance extending all deadlines by

18

180 days.[5] The case had been active for approximately fourteen months when Fiesta filed its summary judgment motion on May 8, 2023. The summary judgment hearing on Fiesta's motion that was held on June 12, 2023 was continued to July 17, 2023, allowing the parties an additional month of discovery. The trial court granted Fiesta's summary judgment motion on July 17, 2023. Fiesta's no-evidence motion had been on file more than two months at the time of the trial court's ruling. Courts have held that shorter periods of time provided an adequate time for discovery. *See, e.g.*, *Gomes v. Casey*, No. 02-22-00003-CV, 2022 WL 3464611, at *3 (Tex. App.— Fort Worth Aug. 18, 2022, no pet.) (mem. op.) (holding plaintiff had had adequate time for discovery because defendants' summary judgment motion had been filed more than six months after commencement of lawsuit and had been on file for twenty-seven additional days before it was granted); *Barton Food Mart, Inc. v. Botrie*, No. 03-17-00292-CV, 2018 WL 5289538, at *4 (Tex. App.—Austin Oct. 25, 2018, pet. denied) (mem. op.) (concluding adequate time for discovery had passed where case had been on file for thirteen months when summary judgment motion was filed and trial court granted motion in part following month); *Rest. Teams Int'l, Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 340 (Tex. App.—Dallas 2002, no pet.) (finding adequate time for discovery had passed where case had been on file for

---

[5] The record does not contain the trial court's May 11, 2022 scheduling and docket control order. According to the parties, the order granting the continuance extended the discovery and dispositive motion deadlines to August 4, 2023.

seven months at time motion was filed and motion had been on file for twenty-six days before it was granted).

## C.    Amount of Discovery and Deadlines

We also consider the amount of discovery that took place, whether Fiesta requested stricter deadlines for discovery, and whether the discovery deadlines that were in place were specific or vague.

The parties had propounded and responded to discovery and Reyes's deposition had been taken at the time Fiesta filed its summary judgment motion. Reyes complains that Fiesta requested several extensions of the written discovery deadlines, but the record does not show that Fiesta's requests for extensions or that subsequent written responses and objections were opposed or untimely. Reyes also asserts that she emailed Fiesta's counsel in June and October 2022 to discuss scheduling depositions but received no response. The emails are not included in the record. The record shows that Fiesta provided the names of its two employees involved in the investigation of the fall—the employee who first responded and the store manager to whom Reyes referred in her deposition—on May 2, 2022, when its initial disclosures were served. Thus, Reyes had more than a year to request their depositions prior to the filing of summary judgment but the record is void of evidence showing that she did. Further, the record does not show that Reyes requested or attempted to notice any depositions between the original June 12, 2023

20

summary judgment hearing and the filing of her supplemental summary judgment response on July 10, 2023.

Fiesta did not request stricter discovery deadlines. Rather, it sought a 180-day extension of all deadlines which the trial court granted. Finally, the discovery deadlines in this case were specific. The trial court ordered that "the deadlines set forth in the Scheduling and Docket Control Order dated May 11, 2022 and previously entered in this case be extended by 180 days."

Under these circumstances, we hold that Reyes failed to show that the trial court erred in granting the no-evidence summary judgment because she did not have an adequate time for discovery.

## D. Spoliation

In a sub-issue, Reyes asserts that the trial court erred in granting summary judgment because Fiesta spoliated evidence.

### 1. Applicable Law

Spoliation of evidence occurs when a party (1) deliberately destroys or fails to preserve relevant evidence or (2) when it fails to produce relevant evidence or to explain its non-production. *Wal–Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 721 (Tex. 2003). Under the first scenario, a party who deliberately destroys evidence "is presumed to have done so because the evidence was unfavorable to its case." *Id.*

21

Under the second scenario, "the presumption arises because the party controlling the missing evidence cannot explain its failure to produce it." *Id.* at 722.

Whether a party has engaged in spoliation of evidence is a preliminary evidentiary question for the court and not for a jury. *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 20 (Tex. 2014). The "spoliation analysis involves a two-step judicial process: (1) the trial court must determine, as a question of law, whether a party spoliated evidence, and (2) if spoliation occurred, the court must assess an appropriate remedy." *Id.* at 14. To find that a party spoliated evidence, "the court must find that (1) the spoliating party had a duty to reasonably preserve evidence, and (2) the party intentionally or negligently breached that duty by failing to do so." *Id.*

The doctrine of spoliation can apply in the summary judgment context. *See Clark v. Randalls Food*, 317 S.W.3d 351, 356 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). If a trial court concludes that the movant in a motion for summary judgment engaged in spoliation of evidence, the court may, but is not required to, draw an inference that the evidence would have been favorable to the non-movant. *Adobe Land Corp. v. Griffin, L.L.C.*, 236 S.W.3d 351, 356 (Tex. App.—Fort Worth 2007, pet. denied). When a trial court grants summary judgment against a party arguing spoliation, it is implied that the trial court denied the request for a spoliation presumption. *See id.* at 356–57 (presuming trial court considered and rejected

22

plaintiffs' request for spoliation presumption where plaintiffs raised issue of entitlement to presumption in response to defendant's no-evidence summary judgment motion and trial court nonetheless granted no-evidence motion).  A ruling denying a spoliation request is reviewed for abuse of discretion. *Id.* at 357.  Because Reyes argued that Fiesta's summary judgment motion should be denied because it spoliated evidence crucial to her claim, and the trial court nevertheless granted summary judgment in favor of Fiesta, we presume the trial court considered and rejected Reyes's spoliation request. *See id.* at 356–57.

## 2.    Breach of Duty

To determine whether Reyes was entitled to a spoliation presumption, we consider whether (1) there was a duty to preserve evidence, (2) the alleged spoliator breached that duty, and (3) the spoliation prejudiced the non-spoliator's ability to present its case or defense. *Clark*, 317 S.W.3d at 356.  The duty to preserve evidence "arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." *Brookshire Bros.*, 438 S.W.3d at 20.  A duty to preserve evidence arises when a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists. *See In re Advanced Powder Sols., Inc*., 496 S.W.3d 838, 854 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  Further, "[a] party must preserve what it knows

23

or reasonably should know is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery sanction." *Clark*, 317 S.W.3d at 357. The party alleging spoliation bears the burden of establishing the alleged spoliator had a duty to preserve the evidence in question and breached that duty. *See Brookshire Bros.*, 438 S.W.3d at 20.

Assuming without deciding that Fiesta had a duty to preserve any existing videotape surveillance recording of the incident, Reyes did not establish that Fiesta breached its duty. An alleged spoliator can defend against an assertion of negligent or intentional destruction by providing other explanations to justify its failure to preserve evidence. *Clark*, 317 S.W.3d at 358; *Adobe Land Corp.*, 236 S.W.3d at 359. Here, Amaro, the Fiesta store manager, stated in his sworn declaration that upon reviewing the videotape surveillance recording from the closest store camera, he determined that the camera did not capture the incident or the incident area. Reyes failed to meet her burden to establish that Fiesta intentionally or negligently breached its duty to preserve a videotape surveillance recording of the incident because such a recording did not exist. We hold that the trial court did not abuse its discretion in refusing to grant a spoliation presumption in Reyes's favor.

We overrule Reyes's second issue.

24

## Conclusion

We affirm the trial court's judgment.


Kristin Guiney
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.